UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENNETH WEBBER**                                                                 **CIVIL ACTION**

**VERSUS**

**STATE FARM**                                                                         **NO. 25-354-JWD-RLB**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 4, 2026.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH WEBBER** | **CIVIL ACTION** |
| **VERSUS** | |
| **STATE FARM** | **NO. 25-354-JWD-RLB** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are State Farm and Jon Farney's ("Defendants") Rule 12 Motion to Dismiss (the "Motion to Dismiss") (R. Doc. 12). Kenneth and Deffanie Webber's ("Plaintiffs") oppose the motion and Defendants' filed a reply. (R. Docs. 15; 16; 17; 18). Also before the Court are Plaintiffs' two motions for summary judgment (R. Docs. 19 and 20) and Defendants' opposition. (R. Doc. 21).

**I.    Background**

On April 24, 2025, Plaintiffs, proceeding *pro se*,[1] filed a Complaint for a Civil Case (the "Complaint") in this Court against State Farm and its president and chief executive officer Jon Farney ("Farney"). (R. Doc. 1). According to the Complaint, Plaintiffs are State Farm policy holders who made claims arising out of weather events that occurred on May 18, 2024 and June 6, 2024. Plaintiffs allege State Farm failed to pay amounts owed to them under their policy, and seek $29,562.00 for damages arising from the May 18, 2024 weather event; $16,774.55 for damages arising from the June 6, 2024 weather event; and $45,000.00 for their pain and suffering. In the Complaint, Plaintiffs assert they wrote to Farney many times regarding the above issues, but they make no allegations regarding any of his actions or inactions.

---

[1] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, they are not free "from compliance with relevant rules of procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper-Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (citation omitted). Thus, courts need not "search for or . . . create causes of actions" for *pro se* plaintiffs. *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citation omitted).

2

On April 30, 2025, this Court informed Plaintiffs they were responsible for service. (R. Doc. 2). On May 13, 2025, Plaintiffs filed a request for waiver of service on Defendants. (R. Doc. 3). On May 21, 2025, Plaintiffs filed an affidavit, with a United States Postal Service ("USPS") receipt, stating they "SENT TO JON FARNEY STATE FARM by [USPS] Express Mail . . . a copy of CIVIL ACTION 25-CV-354" on April 25, 2025 and received an acknowledgment of receipt by B. Gregory on April 28, 2025. (R. Doc. 5). On June 4, 2025, the Clerk of Court issued summons for the first time to only State Farm. (R. Doc. 9). On June 9, 2025, Plaintiffs filed another affidavit, with a USPS receipt, stating Kenneth Webber "mailed STATE FARM by [USPS] Express Mail [the] SERVICE OF SUMMONS AND COMPLAINT" on June 4, 2025 and received an acknowledgment of receipt by B. Gregory on June 6, 2025. (R. Doc. 10).

On June 30, 2025, Defendants filed the instant Motion to Dismiss, arguing Plaintiffs never obtained a waiver from either of them and that they were never properly served such that both of them may be dismissed. (R. Doc. 12). They also argued the claims against Farney should be dismissed because Plaintiffs fail to assert a plausible claim against Farney and the Court lacks personal jurisdiction over him. Defendants also pointed out that, although Deffanie Webber is not listed as a plaintiff in the Complaint, she signed the Complaint and other filings.

On July 11, 2025, Plaintiffs filed an opposition to the Motion to Dismiss, making premature substantive arguments regarding their claims against State Farm and arguing this Court should consider their *pro se* status and give them another chance to serve Defendants properly. (R. Doc. 15). Plaintiffs state that they "failed (due to lack of knowledge) to file the summons and complaint with the Louisiana Secretary of State[, instead filing them] with the Clerk of Court[.]" (R. Doc. 15-1 at 5). Plaintiffs also stated that Deffanie Webber is listed as a Plaintiff, because the policy was purchased in both their names, and the letters they received from State Farm were at times addressed to both of them. They state they have no unlawful intent in including Deffanie

3

Webber in the action and in having her sign the Complaint and other filings.[2] Also on July 11, 2025, Plaintiffs filed another opposition, stating they believed the Clerk of Court would issue process to Defendants and needed more time to properly serve Defendants, especially since Deffanie Webber suffered a vehicular accident on April 20, 2025. (R. Doc. 16). Plaintiffs also stated they included Farney as a defendant due to his leadership position at State Farm and his inaction related to the letters they sent him. On July 15, 2025, Plaintiffs filed a final opposition, styled as a Motion to Deny the Motion to Dismiss, again stating they did not serve Defendants properly because of their *pro se* ignorance and the recent vehicular accident. (R. Doc. 17).

On July 22, 2025, Defendants filed a reply, asserting (i) Plaintiffs still had not served Defendants, (ii) *pro se* status does not allow noncompliance with Fed. R. Civ. P. 4, and (iii) Farney should be dismissed with prejudice for the reasons stated in the Motion to Dismiss. (R. Doc. 18). Yet, on September 15, 2025, State Farm's counsel waived service on behalf of State Farm and filed an Answer to the Complaint on October 30, 2025. (R. Docs. 22; 23). This Report and Recommendation therefore only addresses whether Farney may be dismissed, as the only argument State Farm made for its own dismissal was improper service.

On July 22, 2025, Plaintiffs filed a one-page Motion for Summary Judgment Against State Farm, stating summary judgment is warranted because "[f]or over a year now they have authorized the breach of contract and bad faith of its specialist in carrying out their investigatory duties." (R. Doc. 19). No other specific facts of this case were provided. On July 30, 2025, Plaintiffs filed a one-page Motion for Rule 56 Summary Judgment Against State Farm, stating it

---

[2] Plaintiffs have been correctly signing each filing; neither *pro se* spouse may represent the interests of the other, and thus signatures from both are required on filings addressing both of their interests. *See* Fed. R. Civ. 11(a) ( "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented"); *see also Justice v. Moreau,* No. 9:24-CV-156-MJT-CLS, 2025 WL 806639, at *2 (E.D. Tex. Jan. 23, 2025), *report and recommendation adopted,* No. 9:24-CV-156-MJT, 2025 WL 518177 (E.D. Tex. Feb. 15, 2025) (citation omitted) ("[A] *pro se* plaintiff who is not an attorney cannot represent others in litigation, including *pro se* co-plaintiffs.").

was being submitted "due to errors in [the] Motion submitted July 22, 2025." (R. Doc. 20). The only changes made to the motion were to (i) specify that the "they" referred to above was State Farm, (ii) add that summary judgment was being moved for under Fed. R. Civ. P. 56, and (iii) note that State Farm is attempting to increase costs for plaintiffs in many cases by delaying claims. On August 8, 2025, Defendants filed their opposition, noting the motions for summary judgment (the "MSJs") do not comply with Fed. R. Civ. P. 56 or Local Rule 56. (R. Doc. 21).

## II. Law and Analysis

### A. Plaintiffs' Motions for Summary Judgment Should be Denied

As Defendants point out, Fed. R. Civ. P. 56, among other things, states the following:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought[, and t]he court shall grant [it] if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56. Local Rule 56 details the following regarding statements of material facts:

> A motion for summary judgment shall be supported by a separate, short, concise statement of material facts, each set forth in separately numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be simply and directly stated in narrative without footnotes or tables and shall be supported by a record citation[.]

LR 56(b)(1). In support of their MSJ, Plaintiffs fail to make any real argument or cite to the record regarding any material undisputed facts. The Court thus recommends the denial of the MSJs because Plaintiffs have failed to comply with either Fed. R. Civ. P. 56 or Local Rule 56.

### B. Plaintiffs Have Failed to Properly Serve Farney

"A motion to dismiss pursuant to 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007). If a plaintiff fails to effectuate service, the defendant may seek dismissal before the plaintiff has the burden of proving the validity of service. *See* Fed. R. Civ. P. 12(b)(5); *see also Carimi v. Royal Carribean*

5

*Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir.1992). As Farney has rightly stated, Fed. R. Civ. P. 4 governs service of process, and it states that service on an individual may be effectuated by:

> (1) following state law for serving a summons . . . in the state where the district court is located or where service is made; or
> (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4. Farney correctly notes Plaintiffs only express mailed a copy of the summons and Complaint to State Farm's corporate office in Illinois, and it was signed for by B. Gregory. (R. Docs. 5; 10). This is not proper service under federal law and there is no evidence the summons or Complaint were issued or mailed to Farney himself. Under Louisiana law, service on a non-resident individual "shall be sent . . . by the plaintiff if not represented by counsel, to the defendant by registered or certified mail[,]" not express mail. La. R.S. § 13:3204(A). Service was also not proper under Illinois law, where service on an individual is made "(1) by leaving a copy of the summons with the defendant personally, [or] (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode[.]" 735 Il. C.S. 5/2-203. The Court thus finds Farney may be dismissed as he was not properly served.

    **C.**    **Plaintiffs Fail to Show the Court Has Personal Jurisdiction Over Farney**

Defendants over which a Court has no personal jurisdiction may be dismissed under Fed. R. Civ. P. 12(b)(2). "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citation omitted). Plaintiff has only

argued Farney has been included in the instant suit because of his leadership role at State Farm and because he failed to respond to letters Plaintiffs sent him regarding their insurance claims. Farney's leadership role at State Farm does not afford this Court personal jurisdiction over him. *See Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985) ("[T]he fiduciary-shield doctrine . . . holds that an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the corporation."). Farney's failure to respond to Plaintiffs' letters is also not an action that shows Farney was engaging in specific or repeated contacts with this forum; Plaintiffs were attempting to contact *him*, not the other way around. *See Serv. Steel Warehouse, Co., L.P. v. Eakin,* No. CIV. A. 10-151-BAJ, 2011 WL 3439132, at *2 (M.D. La. Aug. 5, 2011) (quotations and citations omitted) ("A nonresident defendant's contacts may support either specific or general jurisdiction. Specific jurisdiction over a nonresident defendant is present where the suit arises out of or [is] related to the defendant's contacts with the forum[. G]eneral jurisdiction exists when a nonresident defendant's contacts with the forum are substantial, continuous, and systematic[.]"). The Court is thus not convinced it has personal jurisdiction over Farney, and recommends his dismissal from this action.

### D. Plaintiffs Have Failed to Assert Valid Claims Against Farney

A Fed. R. Civ. P. 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. To survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must demonstrate entitlement to relief is plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). In assessing whether entitlement to relief is plausible, a court does not assume conclusory statements are true, but looks for facts supporting elements of the plaintiff's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As Farney points out, the Complaint lacks allegations regarding his conduct, noting only that Plaintiffs sent him letters. Plaintiffs' actual claims relate only to State Farm's actions relating to Plaintiffs' insurance claims. As Plaintiffs state in their oppositions, they are bringing breach of contract and bad faith insurance claims, neither of which may be brought against Farney, who is not a party to Plaintiffs' State Farm policy. *See Cooper v. Primary Care Sols., Inc.*, No. CV-16259-EWD, 2017 WL 4544606, at *16 (M.D. La. Oct. 11, 2017) ("[A]n individual cannot be liable for a breach of a contract to which he is not a party."). Accordingly, Plaintiff has failed to allege a plausible claim against Farney, and he may be dismissed with prejudice, as Plaintiff has failed after many attempts to allege any facts showing otherwise.

### III.   Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss (R. Doc. 12) be **GRANTED IN PART** and **DENIED IN PART**, with **JON FARNEY** to be **DISMISSED WITH PREJUDICE**, and State Farm to remain a defendant in the case.

**IT IS FURTHER RECOMMENDED** that the Motion to Deny the Motion to Dismiss (R. Doc. 17) and Plaintiff's two motions for summary judgment (R. Docs. 19; 20) be **DENIED**.

Signed in Baton Rouge, Louisiana, on February 4, 2026.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**